**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-26047-RAR**

**LUIS ALBERTO TRAVIESO VEGA**,

      Plaintiff,

v.

**KRISTI NOEM**, *U.S. Secretary of the*
*Department of Homeland Security, et al.*,

      Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Complaint ("Motion"), [ECF No. 9].[1]  The Court, having reviewed the Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 9], is **GRANTED** as explained herein.

## BACKGROUND

Plaintiff Luis Alberto Travieso Vega filed this action to compel Defendants to issue a decision on his pending Application for Adjustment of Status under the Cuban Adjustment Act ("CAA"), Form I-485. *See generally,* Compl., [ECF No. 1].  Plaintiff is a Cuban national who arrived in the United States on March 21, 2021.  Compl. ¶ 8.  After completing a credible fear interview, he was released from ICE custody on April 6, 2021.  Compl. ¶ 11.  Thereafter, on May 5, 2023, Plaintiff applied for

---

[1]  On December 23, 2025, the Court issued an Order to Show Cause, [ECF No. 4], directing Defendants to show cause why the relief requested in Plaintiff's Complaint, [ECF No. 1], should not be granted.  In response, Defendants filed the instant Motion.  Plaintiff thereafter filed a Reply in Support of Jurisdiction and in Opposition to Defendants' Motion to Dismiss ("Reply"), [ECF No. 12].  Accordingly, the Motion is fully briefed and ripe for review.

adjustment of status under the CAA.  Compl. ¶ 12.  After being called in by ICE for a second credible fear interview and obtaining a positive credible determination, Plaintiff was detained by ICE on September 25, 2025 and remains in ICE custody.  Compl. ¶ 14.

Plaintiff alleges that, to date, he has received no information about the status of his application for adjustment of status, other than the fact that "it is still pending[,]" and that the "lack of action by USCIS . . . is causing [Plaintiff] to be deprived of his freedom and [may result] in an imminent deportation back to Cuba."  Compl. ¶¶ 16–23.  Plaintiff therefore brings one count for unreasonable delay, claiming that Defendants' delay in adjudicating Plaintiff's adjustment of status is unreasonable *per se*, and seeking to compel Defendants to adjudicate Plaintiff's I-485 Application to Adjust Status.  *See* Compl. ¶¶ 24–35.

Defendants move to dismiss this case because (1) the Court lacks jurisdiction to evaluate the pace of adjudication as to Plaintiff's application; (2) Plaintiff lacks standing; and (3) Plaintiff has failed to state a claim upon which relief can be granted.  *See generally*, Mot.

## LEGAL STANDARD

A party may move to dismiss a case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  FED. R. CIV. P. 12(b)(1).  A challenge to the court's subject matter jurisdiction can either be a "facial" or "factual" attack on jurisdiction.  *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008).  A facial attack challenges the court's jurisdiction based solely on the plaintiff's allegations.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  Factual attacks rely on matters outside of the pleadings, and the court may consider extrinsic evidence and "weigh the facts" to determine if jurisdiction exists.  *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–36 (11th Cir. 2013) (quoting *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009)).  The plaintiff has the burden of proving jurisdiction exists over a case.  *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim," but a complaint must set forth more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In addition to accepting the complaint's allegations as true, the court must draw all inferences in the plaintiff's favor when determining if a complaint states a claim to relief.  *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017).  A claim to relief is plausible where the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Ultimately, "determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022) (alterations accepted) (quoting *Iqbal*, 556 U.S. at 679).

## ANALYSIS

Plaintiff alleges that this Court has subject matter jurisdiction pursuant to the Mandamus Act, 28 U.S.C. § 1361, as well as U.S.C. § 1331 "in conjunction with[] the Administrative Procedure Act ("APA") (5 U.S.C. § 555(b), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the C.F.R.))."  Compl. ¶ 2.  Defendants' Motion asserts that the Court lacks subject matter jurisdiction to evaluate the pace of adjudication as to Plaintiff's Application for Adjustment of Status under the APA because there is no statute or regulation that mandates a specific timeframe for such adjudication.  *See* Mot. at 4.  The Court finds that it does not have jurisdiction to award mandamus

relief,[2] nor does it have jurisdiction to review USCIS's decision regarding the pace of Plaintiff's Form I-485 application.

Under the Mandamus Act, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy available only in the clearest and most compelling of cases." *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011). Thus, a court can only exercise jurisdiction to grant mandamus relief where "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *See id.* A plaintiff seeking mandamus relief "has the burden of demonstrating that his right to the writ is clear and indisputable." *Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F.4th 1012, 1037 (11th Cir. 2021) (quoting *Serrano*, 655 F.3d at 1263). In other words, "a writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

Further, under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA empowers courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). But, as this Court has explained, there are "limits to a court's power to review agency action." *Mafundu v. Mayorkas*, 699 F. Supp. 3d 1310,

---

[2] Defendants, in their Motion, only lodge an attack on this Court's jurisdiction under the APA. *See* Mot. at 4–5. However, this Order also considers whether the Court has jurisdiction pursuant to the Mandamus Act, given that Plaintiff also alleges this as a basis for jurisdiction, and "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006).

1314 (S.D. Fla. 2023).  Specifically, "where 'statutes preclude judicial review' or 'agency action is committed to agency discretion by law' a court cannot award relief." *See id.* (quoting 5 U.S.C. § 701(a)).

Here, the Court is without jurisdiction under the Mandamus Act and the APA, given that the pace of adjudication is a discretionary function.  Indeed, "[f]or this Court to have jurisdiction, it must find that Defendants have a non-discretionary duty as to the pace of adjudicating Plaintiff's Petition." *Hasan v. Wolf*, 550 F. Supp. 3d 1342, 1346 (N.D. Ga. 2021).  Defendants argue that the plain text of the CAA expressly "commits the final grant of adjustment to the discretion of USCIS."  Mot. at 4. Defendants also maintain that "no statutory or regulatory provisions provide a 'meaningful standard' to review how long it should take to adjudicate [Plaintiff's Application, making it such that] there is no standard against which the Court can measure whether the agency has acted 'within a reasonable time' or 'unreasonably delayed adjudication.'" *Id*. at 5 (quoting 5 U.S.C. § 555(b); 5 U.S.C. § 706(1)).

In order to assess Defendants' argument, an examination of the CAA is warranted.  Courts in this District have noted that the CAA "gives complete discretion over the adjustment of immigration status to USCIS." *Hayes v. Swacina*, No. 14-CV-22506-KMM, 2015 WL 12778781, at *3 (S.D. Fla. Mar. 31, 2015); *Martinez v. Noem*, No. 25-CV-23758-RAR, 2026 WL 472311, at *3 (S.D. Fla. Feb. 19, 2026).  Indeed, the CAA "allows the Attorney General, '*in his discretion* and under such regulations as he may prescribe,' to adjust an alien's status to that of a lawful permanent resident if '(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.'" *Hayes*, 2015 WL 12778781, at *3 (quoting 8 U.S.C. § 1255) (emphasis added).  Accordingly, "[b]ecause an adjustment of status under the C[]AA is a discretionary decision, [courts] do not have jurisdiction to review the petitioners'

petition for review except to the extent it raises a constitutional claim or question of law." *Valdivia v. U.S. Att'y Gen.*, 380 F. App'x 793, 795 (11th Cir. 2010).

Plaintiffs argue that the discretionary language of the CAA governs the outcome of the adjudication—not the pace of adjudication and by when it must occur. Reply at 2. According to Plaintiff, "[n]othing in the CAA authorizes USCIS to refuse to decide an application altogether." *Id*. While this may be true, there is equally nothing in the CAA that prescribes a timeframe for the adjudication of a plaintiff's application. Rather, "USCIS's decision to place Plaintiff['s] application[] on hold pursuant to congressional and agency policy is a matter 'committed to agency discretion by law.'" *Namarra v. Mayorkas*, 924 F. Supp. 2d 1058, 1064 (D. Minn. 2013) (quoting 5 U.S.C. § 701(a)(2)); *see also Eldeeb v. Chertoff*, 619 F. Supp. 2d 1190, 1205 (M.D. Fla. 2007) (with respect to an I-485 application, USCIS "has a non-discretionary duty to *act* on an application . . . and a non-discretionary duty to *adjudicate* an application" but a "discretionary duty as to the *pace* of processing the application[.]" (emphasis in original)). Thus, "even where Congress has not affirmatively precluded review, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985); *see also Osechas Lopez v. Mayorkas*, 649 F. Supp. 3d 1278, 1286 (S.D. Fla. 2023) ("Plaintiff has not demonstrated a clear right to the relief requested . . . largely because there is no congressionally or administratively prescribed timeframe within which USCIS has a duty to process or adjudicate I-526 petitions.").

Relatedly, 8 U.S.C. § 1252(a)(2)(B)(ii), which strips federal courts of jurisdiction over "[d]enials of discretionary relief,"[3] specifically "bar[s] review of discretionary decisions under the

---

[3]    *See* 8 U.S.C. § 1252(a)(2)(B) ("Notwithstanding any other provision of law (statutory or nonstatutory) . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review— (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or (ii) any other decision or action of the Attorney General or the Secretary of

CAA[.]" *Daniel v. Castro*, 662 F. App'x 645, 648 (11th Cir. 2016) (remarking that "it is obvious that Congress has committed adjustment-of-status decisions under the CAA to the Attorney General's discretion[.]"). And the Eleventh Circuit has held that the pace of adjudication of an I-485 application is a discretionary function subject to the § 1252(a)(2)(B)(ii) jurisdiction stripping provision. *See Kanapuram v. Dir., US Citizenship & Immigr. Servs.,* 131 F.4th 1302, 1306 (11th Cir. 2025) (holding that "§ 1252(a)(2)(B)(ii) precludes jurisdiction over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications."); *see also Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1353 (S.D. Fla. 2007) (holding "that Congress intended to include the pace [of adjudicating Form I–485 petitions] within [USCIS's] discretionary function"); *Eldeeb*, 619 F. Supp. 2d at 1204 ("[T]his Court has elected to interpret the § 1252(a)(2)(B)(ii) jurisdictional bar broadly, and has concluded that the pace of adjudication of an I[-]485 application is a discretionary function[.]"); *Li v. Chertoff*, 482 F. Supp. 2d 1172, 1179 (S.D. Cal. 2007) ("8 U.S.C. § 1252(a)(2)(B)(ii), which precludes district courts from reviewing any discretionary act of USCIS, precludes this Court from reviewing whether Defendants have adjudicated Plaintiff's I–485 application within a reasonable period of time under the APA."). Thus, while "[t]he Court is not unsympathetic to Plaintiff, [] 'it is not for the Court to create its own jurisdictional review authority or to second-guess those officials entrusted with processing applications. That function was reserved for Congress by the Constitution.'" *Hasan*, 550 F. Supp. 3d at 1348 (N.D. Ga. 2021) (quoting *Torres v. Chertoff*, No. 1:07-CV-01649, 2007 WL 4261742, at *6 (N.D. Ga. Nov. 30, 2007)).

In sum, jurisdiction is unavailable under the Mandamus Act. This is because "Plaintiff[] ha[s] not demonstrated a clear right to the relief requested . . . in large part because there is no congressionally or administratively prescribed timeframe within which USCIS has a duty to process

---

Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .").

or adjudicate [I-485] petitions." *Alfassi v. Garland*, 614 F. Supp. 3d 1252, 1255 (S.D. Fla. 2022). Further, "because Defendants exert discretionary, and not mandatory, powers in processing [such] Petitions, Plaintiffs have not established that Defendants have a clear duty to act with respect to the pacing of their [] Petition." *Id*. And with respect to the Court's jurisdiction under the APA, because the pace of USCIS's processing "is left to the sound discretion of the agency, and because such pacing neither qualifies as or is subject to a nondiscretionary act," the Court lacks jurisdiction to expedite USCIS's review of Plaintiff's Form I-485 application. *Id*. at 1256. Accordingly, because the Court lacks subject matter jurisdiction with respect to Plaintiff's claims, this case must be dismissed.[4]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      Defendants' Motion, [ECF No. 9], is **GRANTED**.

2.      This case is **DISMISSED** *without prejudice* for lack of subject matter jurisdiction.[5]

3.      Any other pending motions are **DENIED AS MOOT**.

4.      The Clerk is instructed to mark this case **CLOSED**.

**DONE AND ORDERED** in Miami, Florida this 25th day of March, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[4]  Given that the Court lacks subject matter jurisdiction, the Court "cannot exercise hypothetical jurisdiction [nor] issue a hypothetical judgment." *Friends of the Everglades v. U.S. E.P.A.*, 699 F.3d 1280, 1289 (11th Cir. 2012). Accordingly, the Court need not reach Defendants' remaining arguments.

[5]  A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice. *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984).